[651 NYS2d 135]

In the Matter of WAYNE L. WEINBERGER (Admitted as WAYNE LEON WEINBERGER), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, December 16, 1996

### APPEARANCES OF COUNSEL

*Frank A. Finnerty,* Syosset *(Nancy Bolger* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was charged with two allegations of professional misconduct. The Special Referee

sustained both charges. The Grievance Committee moves to confirm the report of the Special Referee. The respondent has failed to submit any papers in opposition.

Charge One alleged that the respondent failed to promptly respond to a complaint filed against him with the Grievance Committee for the Tenth Judicial District by his client, which concerned the alleged neglect of a matrimonial matter. The respondent failed to respond to a letter dated May 1, 1995 from the Grievance Committee for the Tenth Judicial District advising him that a complaint had been filed against him and requesting his written response within 15 days of his receipt of the letter. Thereafter, Grievance Counsel sent a letter, dated May 19, 1995, certified mail/return receipt requested, advising that his response was still required and was due within 10 days of his receipt of the letter. The respondent failed to respond to this communication.

A letter dated May 31, 1995 was then sent from the Grievance Committee to the respondent, advising that his written response was due by June 14, 1995, or a motion seeking his interim suspension would be submitted to the Appellate Division. In response, the respondent telephoned Grievance Counsel and advised that his written response would be sent. Despite the respondent's assurance, there was no response submitted.

By faxed letter dated July 5, 1995, Grievance Counsel requested certain information regarding the complaint. The respondent telephoned counsel to assure her that he would send in his response. Again, despite his assurances, the respondent failed to respond in writing to this letter.

By letter dated August 24, 1995, Grievance Counsel again requested additional information. The respondent failed to answer the letter, and failed to answer a subsequent letter from Grievance Counsel, dated September 18, 1995.

The respondent eventually responded to the Grievance Committee on November 2, 1995, in response to a motion made by the Grievance Committee seeking the respondent's suspension for failure to cooperate. The respondent's steadfast refusal to promptly cooperate with the Grievance Committee is a violation of Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]).

Charge Two alleged that the respondent neglected a matrimonial matter entrusted to him by his client. In or about Janu-

ary 1994, the respondent was retained to represent the interests of his client with regard to a divorce. An application for an index number was filed by the respondent on or about December 29, 1994. Annexed to the application was a summons dated February 1, 1994.

The respondent failed to reply to status requests from opposing counsel regarding the matter. The respondent finally filed the divorce papers with the court on or about November 2, 1995. A judgment of divorce was granted on November 14, 1995. The respondent's neglect of the legal matter is a violation of Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]) and DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3]).

After reviewing all of the evidence, we are in full agreement with the report of the Special Referee. The respondent is guilty of the misconduct outlined in the aforementioned charges. The petitioner's motion to confirm the report of the Special Referee should be granted.

In determining an appropriate measure of discipline to impose, we have considered the mitigation offered by the respondent during the disciplinary proceeding. Nevertheless, it is the decision of this Court, especially in view of the issuance of two prior Letters of Admonition to the respondent, that the respondent be suspended from the practice of law for a period of two years.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and ALTMAN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Wayne L. Weinberger, is suspended from the practice of law for a period of two years, commencing January 21, 1997, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the two-year period upon furnishing satisfactory proof that (a) during the said period he refrained from practicing or attempting to practice law, (b) he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court,

the respondent, Wayne L. Weinberger, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.